**UNITED STATES of America**

v.

**David Howard JOHNSON.**

**No. C–CR–90–41.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

Aug. 7, 1990.

Robert J. Conrad, Jr., Asst. U.S. Atty., Charlotte, N.C., for plaintiff.

Fred W. DeVore, III, Charlotte, N.C., for defendant.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on Defendant's motion, filed August 3, 1990, to suppress heroin and a firearm seized by the arresting police officer.

Defendant is charged in a bill of indictment, filed April 2, 1990, for the use of a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) and possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1). On April 18, 1990, Mr. Fred W. DeVore, III was appointed by the Court to represent Defendant. An arraignment order was entered by United States Magistrate Paul B. Taylor on April 20, 1990. Paragraph 4 of that order provides:

4. All pretrial motions must be in writing and must be filed within fifteen (15) days from the date of this Arraignment Order. *Motions not timely filed will be summarily denied.* (emphasis added).

The case file is devoid of any extensions of the pretrial motion deadline. The trial of this matter is tentatively scheduled for the week starting August 20, 1990.

The Court believes that Defendant's motion is untimely. Rule 12(b)(3) of the Federal Rules of Criminal Procedure requires that motions to suppress evidence be raised prior to trial. Rule 12(c) provides that the Court at the time of arraignment may set a time for the making of pretrial motions. Finally, Rule 12(f) states:

Failure by a party to raise defenses or objections or to make requests which must be made prior to trial, at the time set by the court pursuant to subdivision (c), or prior to any extension thereof made by the court, shall constitute waiver thereof, but the court for cause shown may grant relief from the waiver.

The primary purpose of the Rule is to reduce "opportunities for dilatory tactics". *See* 8 *Moore's Federal Practice*, Par. 12.-02[1] at 12–15 (Matthew Bender 1990). It is particularly important for the efficient running of a busy court such as this one that pretrial motions be timely filed. As defense counsel is well aware, this Court refers motions to suppress to the Magistrate pursuant to 28 U.S.C. § 636. Because the Court must make a de novo review of the Magistrate's Memorandum and Recommendation, it is necessary that pretrial motions be filed in a timely fashion. If motions were routinely filed past the pretrial motion deadline, the orderly dispositions of pretrial matters would be disrupted leading to a log-jam in this Court's calendar. Accordingly, the Court views the waiver provision of Rule 12(f) as being an essential tool for the orderly disposition of pretrial matters.

The Fourth Circuit has consistently held that motions to suppress filed beyond the pretrial motion deadline may be summarily denied by the district court unless cause is shown that relief from the waiver should be granted. *See United States v. Wilson,* 895 F.2d 168, 173 (4th Cir.1990); *United States v. Badwan,* 624 F.2d 1228, 1232 (4th Cir.1980); *United States v. Wertz,* 625 F.2d 1128, 1132–33 (4th Cir.), *cert. denied,* 449 U.S. 904, 101 S.Ct. 278, 66 L.Ed.2d 136 (1980); *United States v. Seidlitz,* 589 F.2d 152, 160 (4th Cir.1978), *cert. denied,* 441 U.S. 922, 99 S.Ct. 2030, 60 L.Ed.2d 396 (1979). The standard of review of a district court's denial to grant relief from a waiver is that the district court's decision "is to be disturbed only for clear error". *Wilson,* 895 F.2d at 173 (citing *Wertz,* 625 F.2d at 1132). Where a pretrial motion deadline was set for nine days from the arraignment date, the Fourth Circuit held that the failure of a defendant to timely file a motion to suppress constituted a waiver. *Id.* at 173; *see also Badwan,* 624 F.2d at 1232.

In this case, a pretrial motion deadline was set for May 5, 1990—15 days after the arraignment date of April 20, 1990. No extensions have been granted. Accordingly, Defendant has waived his right to raise a suppression issue unless for cause shown the Court grants relief from the waiver. Defendant has not provided the Court with *any* reasons for filing the motion nearly three (3) months past the deadline set pur-

suant to Rule 12(c). Accordingly, the Court concludes that Defendant has failed to demonstrate cause exists to grant relief from the waiver. Therefore, the motion must be summarily denied.

Even had the motion been timely filed, the Court would be inclined to deny it based on the information provided in Defendant's motion. It appears that the search of Defendant's vehicle was a legitimate search incident to arrest following the plain view observation of the officer of contraband. Defendant has not provided the Court with any legal support to support his position that the search violated the Fourth Amendment. Accordingly, the Court would deny the motion on its merits unless Defendant came forward with additional information.

NOW, THEREFORE, IT IS ORDERED that Defendant's motion to suppress heroin and a firearm seized by the arresting police officer be, and hereby is, DENIED.